**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert P. Torres, | No. CV 12-0006-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

Pending before the Court are Defendant Kevin Lewis' ("Defendant Lewis") Motion to Set Aside Default and Motion to Strike Plaintiff's Affidavit of Service (Doc. 52), Plaintiff Robert P. Torres' Response to Defendant's Motion to Set Aside Default and Motion to Strike (Doc. 55), and Plaintiff's Motion for Default Judgment (Doc. 56). The Court now rules on the Motions.

**I.    Background**

Plaintiff Robert P. Torres, who is confined in the Arizona State Prison Complex (ASPC), Lewis Complex, Eagle Point Unit, in Buckeye, Arizona, filed a pro se civil rights Complaint against Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court dismissed the Complaint for failure to state a claim with leave to amend. (Doc. 9).

On March 19, 2012, Plaintiff filed his First Amended Complaint with this Court. (Doc. 10). On September 28, 2012, the Court dismissed Count I, ordered Defendants Ryan, Greeley, Lewis, King, Echeverria and Clausen to respond to Counts II and III, and dismissed the remaining Defendants. (Doc. 17 at 18). Plaintiff was provided with a

service packet for the remaining six Defendants and was ordered to return the service packet within twenty one days from the filing of the Order. (*Id.*). Upon timely receipt of the service packet from Plaintiff, the Court ordered the United States Marshal (the "U.S. Marshal") to provide service of process for the Defendants pursuant to Federal Rule of Civil Procedure 4. (*Id.* at 19). The Court ordered Plaintiff to complete service by November 27, 2012. (*Id.* at 18).

On October 19, 2012, the Court sent Plaintiff's completed service packet to the U.S. Marshal. On November 8, 2012, the U.S. Marshal attempted service on Defendants Ryan and Lewis. (Doc. 36, Doc. 35). On December 20, 2012, the U.S. Marshall submitted a Process Receipt and Return for Defendant Ryan, and a Process Receipt and Return for Defendant Lewis, each accompanied by two separate "Waiver of Service of Summons," both signed by Kelly Dudley, Attorney General Liaison for the Arizona Department of Corrections. (*Id.*). On both of the waivers filed with the Court, the line labeled "Printed name of party waiving service of summons" was left blank. (*Id.*). Plaintiff was charged sixteen dollars total, eight dollars each, by the U.S. Marshal for service of Defendant Ryan and Defendant Lewis. (*Id.*). Additionally, on the Process Receipt and Return form for Defendant Lewis, neither the box indicating that service had been executed, nor the box indicating that the U.S. Marshal was unable to serve Defendant Lewis had been checked. (Doc. 35).

On December 17, 2012, Plaintiff filed a motion requesting notification of the status of service on Defendants Ryan, Lewis, Clausen, Greeley, Echeverra, and King. (Doc. 32). On January 2, 2013, Plaintiff filed an Affidavit (Doc. 43) attachment to his Motion for Status of Service (Doc. 32). On page three of this affidavit, Plaintiff stated that on December 20, 2012, Plaintiff received notification that the U.S. Marshals effected service upon Defendant Ryan and Defendant Lewis on November 8, 2012. (Doc. 43 at 3).

On January 11, 2013, Plaintiff filed an Application for Entry of Default against Defendant Lewis. (Doc. 48). Attached to the request for Entry of Default, Plaintiff included an Affidavit which stated that "Defendant Lewis was served with a copy of the

summons and complaint as appears from the proof of service file." (*Id*. at 2). On January 16, 2013, the Court entered Default against Defendant Lewis pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 51).

Defendant Lewis then filed a Motion to set aside this default and a Motion to strike Plaintiff's Affidavit of Service (Doc. 43). (Doc. 52). In response, Plaintiff opposes Defendant Lewis' motions. (Doc. 55). Plaintiff also moves for default judgment to be entered against Defendant Lewis under Federal Rule of Civil Procedure 55(b)(2). (Doc. 56).

## II.   Defendant Lewis' Motion to Set Aside Default (Doc. 52)

Defendant Lewis requests that this Court set aside the "default judgment against [him] pursuant to Federal Rules of Civil Procedure 60(b)(3) and 55." (Doc 52). However, the Court has only granted a default under Federal Rule of Civil Procedure 55(a) and has not granted a default *judgment* under Rule 55(b). *See e.g. Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922 (9th Cir. 2009). As a result, Federal Rule of Civil Procedure 60 does not apply here because there has not been a judgment issued.

The Court may set aside the entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant; 2) whether any meritorious defenses are available, and 3) whether there is any prejudice to the plaintiff. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This standard "is the same as is used to determine whether a default judgment should be set aside under Rule 60(b)." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010)*.* "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan*, 244 F.3d at 696. This burden, however, is not "extraordinarily heavy." *Id.* at 700.

Essentially, Defendant Lewis argues the default entered against him should be set aside because he was never personally served as is required by Federal Rule of Civil

Procedure 4. (Doc. 52 at 1-5). As will be discussed more fully herein, there is confusion regarding the document in the record purporting to be a waiver of service on behalf of Defendant Lewis. (Doc. 35). Nonetheless, the Court will analyze whether Defendant Lewis has made the proper showing under Federal Rule of Civil Procedure 55(c) to set aside the default entered against him.

### A.    Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697.  Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith.  *Id.* at 697-98.  Thus, the behavior must be inexcusable. Here, there is no evidence that Defendant Lewis deliberately failed to answer. Accordingly, there is no culpable conduct to consider.

### B.    Meritorious Defenses

To establish that a meritorious defense exists, Defendant must allege specific facts that would constitute a defense.  *Id* at 700. "The defendant's burden in this respect is not extraordinarily heavy." *Kajander v. Phoenix*, No. CV-09-02164-PHX-JAT, 2010 WL 653386 at *2 (D. Ariz. Feb. 19, 2010). The Court need not conclude that Defendant will prevail on the alleged defense to determine that this factor weighs in favor of setting aside default.  *See Apache Nitrogen Prod., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993).  Instead, the Court need only find that after a trial on the merits, the alleged defense may cause a different result than default.  *Id.*

Defendant Lewis raises the defense of lack of personal jurisdiction. (Doc. 52 at 5). Defendant Lewis argues he was not properly served and, as a result, this Court does not have personal jurisdiction over him. (*Id.*) In support of this, Defendant Lewis submits a Declaration on behalf of Kelly Dudley which states Mr. Dudley "did not receive and [does] not have authority to waive service of the Complaint on behalf of Defendant Kevin Lewis." (Doc. 52-1 at 3). Because the waiver of service used to establish personal jurisdiction over Defendant Lewis was signed by Mr. Dudley (Doc. 35), Mr. Dudley's

declaration that he does not have authority to waive service on behalf of Defendant Lewis constitutes sufficient facts to support Defendant Lewis' defense of lack of personal jurisdiction. The Court finds that Defendant Lewis has brought forward facts from the record that support his defense.   As such, Defendant Lewis has established that a meritorious defense exists.

### C.    Prejudice to the Plaintiff

In order to qualify as prejudice to the plaintiff, the Court considers the extent to which the plaintiff's "ability to pursue his claim will be hindered." *FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009). Further, "to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095.

Here, setting aside the default against Defendant Lewis would result in the case proceeding on the merits. "Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. Additionally, because Plaintiff has proceeded with his case with respect to the remaining Defendants, Plaintiffs ability to pursue his claim will not be hindered. As a result, setting aside the default entered against Defendant Lewis will not prejudice the Plaintiff.

Thus, based on these factors, and the general preference for resolving cases on their merits, *see O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), the Court concludes that the entry of default in this case should be set aside.

### III.    Defendant Lewis' Motion to Strike (Doc. 52)

Defendant Lewis argues that the Waiver of the Service of Summons attached to the Process Receipt and Return for Defendant Lewis (Doc. 35 at 2) was fraudulently prepared by Plaintiff and is merely a photocopy of the Waiver of the Service of Summons attached to the Process Receipt and Return for Defendant Ryan (Doc. 36 at 2). (Doc. 52 at 4). Defendant Lewis further argues that the Process Receipt and Return for Defendant

Lewis (Doc. 35 at 1) was not fully executed and is invalid under Federal Rule of Civil Procedure 4. (Doc. 52 at 3-4). Defendant Lewis finally argues that, because service was invalid under Rule 4, this Court lacks personal jurisdiction and thus should dismiss Plaintiff's claims against Defendant Lewis. (*Id.* at 2, 4).[1]

The Court has considered Defendant Lewis' argument that the Waiver of Service for Defendant Lewis (Doc. 35 at 2) is simply a copy of the Waiver of Service for Defendant Ryan (Doc. 36 at 2). (Doc. 52 at 4). In comparing the two documents, there are several differences that indicate the Waiver of Service for Defendant Lewis is not just a copy of the Waiver of Service for Defendant Ryan. For example, in the date line on each document, the "12" is different. *Compare* Doc. 35 at 2, *with* Doc. 36 at 2. In addition, the signature of Dudley above the "signature of the attorney or unrepresented party" line is shorter in Waiver of Service for Defendant Ryan than Dudley's signature on the same line in the Waiver of Service for Defendant Lewis. *Id.* Accordingly, the Court finds that Defendant Lewis has not shown that Plaintiff fraudulently prepared the Waiver of Service and merely submitted a photocopy.

Defendant next argues that on the Process Receipt and Return for Defendant Lewis, the box on the bottom half of the page certifying that service was or was not completed is not checked. (Doc. 35 at 1). Upon review, the Court observes this is correct. Accordingly, it appears that service upon Defendant Lewis was indeed defective.

However, based on the record before the Court, it appears properly that there is some confusion as to whether the Marshall believed that service was affected upon Defendant Lewis. First, Plaintiff was charged the eight dollar service fee by the U.S. Marshal for service of Defendant Lewis. (Doc. 35 at 1). Second, while the U.S. Marshal did not check the box indicating he personally served Defendant Lewis, the U.S. Marshal

---

[1] Defendant Lewis has not filed a Motion to Dismiss. However, based on the language and requests in Defendant Lewis' Motion to Set Aside the Default and Motion to Strike, the Court construes Defendant Lewis' Motion to Strike as a Motion to Dismiss. As a result, the issue before the Court is whether or not Plaintiff's claim against Defendant Lewis should be dismissed for inadequate service pursuant to Federal Rule of Civil Procedure 4.

also did not check the box indicating he was unable to serve Defendant Lewis. As a result, Plaintiff's assertion that he received verification from the U.S. Marshal which he believed to be an adequate waiver of service is supported by the Record. Accordingly, the Court will not grant Defendant Lewis' Motion to Strike Plaintiff's Affidavit of Service.

Further, the Court will not penalize the Plaintiff, proceeding pro se, for his reliance on the actions of the U.S. Marshal Service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) ("we hold that an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service"). As a result, consistent with *Pruett*, the Court denies Defendant Lewis' request to dismiss the claims against him based on ineffective service.

Accordingly, the Court grants Plaintiff an additional 60 days to effectuate service through the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4. In the alternative, Defendant Lewis may file notice with the court that he will waive service.

**IV.    Plaintiff's Motion for Default Judgment (Doc. 56)**

The Court denies Plaintiff's motion as moot because the default in this case is set aside and Plaintiff must first have a default to be granted a default judgment. Fed. R. Civ. P. 55.

**V.    Conclusion**

Based on the forgoing,

**IT IS ORDERED** granting in part and denying in part Defendant Lewis' Motion to Set Aside Default and Motion to Strike Plaintiff's Affidavit of Service as follows: Defendant Lewis' Motion to set aside default (Doc. 52) is granted, and the Motion to Strike the Waiver of Service (Doc. 52) is denied.

**IT IS FURTHER ORDERED** that, within ten (10) days of the date of this Order, Defendant Lewis may file a waiver of service with the Court.  If Defendant Lewis does not file a waiver of service with the Court within ten (10) days of the date of this Order,

1    **IT IS ORDERED** that the Clerk of the Court shall send Plaintiff a new service packet

2    including the First Amended Complaint (Doc. 10), this Order, and a summons for

3    Defendant Lewis.  Plaintiff must complete and return this service packet to the Clerk of

4    the Court within twenty-one (21) days of the date of this Order.  The United States

5    Marshall will not provide service of process if Plaintiff fails to comply with this Order.  If

6    Plaintiff does not complete service of the Summons and Complaint on the Defendant

7    within sixty (60) days of the date of this Order, the action may be dismissed as to

8    Defendant Lewis.  Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

9    **IT IS FURTHER ORDERED** that, if Defendant Lewis requires personal service

10    rather than filing the waiver of service with the Court within ten (10) days of the date of

11    this Order, costs of service will be taxed against the personally served Defendant

12    pursuant to Federal Rule of Civil Procedure 4(d)(2).

13    **IT IS FURTHER ORDERED** setting aside default entered against Defendant

14    Lewis on January 16, 2013. (Doc. 51).

15    **IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment (Doc.

16    56) is denied.

17    Dated this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge

- 8 -